

FILED
MAY 19 2010
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

GARY SPADY, #377547,

    Petitioner,

v.                                     2:09CV453

GENE M. JOHNSON,
Director, Virginia Dep't of Corrections,

    Respondent.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter was initiated by petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge[1] pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72(b) of the Federal Rules of Civil Procedure.

### I. STATEMENT OF THE CASE

On February 26, 2007, in the Circuit Court for the City of Norfolk, Virginia, petitioner Gary Spady ("petitioner" or "Spady") was convicted of possession of cocaine with intent to distribute (third or subsequent offense) and distribution of heroin (second offense).[2] On August 10, 2007, petitioner was sentenced to a total of fifty-five years imprisonment with thirty-five years

---

[1] This action was initially assigned to United States Magistrate Judge James E. Bradberry, who retired effective January 31, 2010. On February 2, 2010, this action was reassigned to Judge Bradberry's duly appointed successor, United States Magistrate Judge Douglas E. Miller, who was appointed effective February 1, 2010.

[2] At trial, Spady was convicted of distribution of heroin (third offense) but, at sentencing, the trial court vacated its finding and, instead, found Spady guilty of the lesser offense of distribution of heroin (second offense). (Sentencing Tr. at 12:20-21).

suspended, and fines totaling $2,000.00. On August 16, 2007, Spady's trial counsel filed a notice of appeal; however, the appeal was not properly perfected.

On December 26, 2007, Spady filed a petition for writ of habeas corpus in the Circuit Court for the City of Norfolk, alleging the following three grounds for relief: (1) trial counsel rendered ineffective assistance by failing to order and timely file the trial transcript so that it could be considered on appeal; (2) petitioner was not provided with a transcript of pretrial proceedings so that he could work on his case prior to trial; and (3) trial counsel rendered ineffective assistance by allowing the prosecution to use statements during trial that were previously suppressed. The Circuit Court denied and dismissed claims two and three, but granted the writ with regard to the first claim. The Circuit Court ordered the Commonwealth to petition the Court of Appeals of Virginia for the right of petitioner to file a delayed appeal.

The Court of Appeals granted Spady leave to file a delayed appeal, and appointed counsel to represent him on appeal. On appeal, Spady argued that the evidence at trial was insufficient to support his convictions. The Court of Appeals considered the merits of Spady's appeal and, on September 8, 2008, denied his appeal. The Supreme Court of Virginia refused Spady's appeal on April 2, 2009.

On August 31, 2009, Spady, proceeding pro se, filed this petition for habeas relief pursuant to 28 U.S.C. § 2254.[3] (Doc. #1). In the petition, Spady asserts the same ground for relief raised on appeal--that "[t]he evidence was insufficient to sustain a verdict." (Doc. #1 at 2). After

---

[3] The petition was received by the Richmond Division on September 9, 2009, and filed in the Norfolk Division on September 15, 2009. However, the petition was signed on August 31, 2009 and it is, therefore, deemed filed on that date. See Rule 3(d), Rules Governing Section 2254 Cases; Houston v. Lack, 487 U.S. 266, 276 (1988) (stating that motions filed by pro se prisoners are generally deemed filed "at the time petitioner delivered it to the prison authorities for forwarding to the court clerk").

2

preliminary orders, respondent filed a Rule 5 Answer and Motion to Dismiss, along with a brief in support. (Doc. #'s 7-9). In accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), and Local Rule 7(K), Spady was given an opportunity to respond to respondent's Motion to Dismiss with any material that he wished to offer in rebuttal. (Doc. #10). The Notice advised Spady that failure to submit any materials could result in an adverse judgment based on respondent's motion. Id. Spady did not respond to the Motion to Dismiss; however, on December 1, 2009, he filed a Motion to Dismiss Without Prejudice. (Doc. #11). On December 2, 2009, Magistrate Judge Bradberry denied Spady's motion. (Doc. #12).[4] At the Court's direction, respondent requested certified records from the trial court, the Court of Appeals, and the Supreme Court of Virginia, the last of which were received on December 14, 2009. Accordingly, respondent's Motion to Dismiss is ripe for judicial review.

## II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

Habeas petitions filed pursuant to 28 U.S.C. § 2254 challenge a state's custody over a petitioner on the grounds that such custody violates the "Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Before applying for federal habeas relief, however, a petitioner must first exhaust the remedies available in state court or demonstrate the absence or ineffectiveness of such remedies. 28 U.S.C. § 2254(b)(1). Therefore, before a state prisoner can apply for federal habeas relief, he must first give the state court an opportunity to consider alleged constitutional errors

---

[4]In his Motion to Dismiss Without Prejudice, Spady alleges that he was assisted in the preparation of the petition by a another prisoner who failed to "raise any relevant issues, not even those related to his Appeal." (Doc. #11 at 1). To the contrary, the issue raised on appeal has been asserted as the sole ground in the instant petition, and respondent concedes that the issue was properly exhausted. Further, it appears to the Court that the issue has been fully and adequately briefed in Spady's 38-page petition. To the extent Spady disagrees, he can note in his objections to this Report and Recommendation any matters he believes the petition did not adequately address.

3

occurring in a state prisoner's trial and sentencing. Breard v. Pruett, 134 F.3d 615, 619 (4th Cir. 1998). "To satisfy the exhaustion requirement, a habeas petitioner must fairly present his claim to the state's highest court." Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997); see Picard v. Connor, 404 U.S. 270, 275-76 (1971). Respondent concedes, and the Court agrees, that for purposes of federal review, Spady's claim has been exhausted.

Once a petitioner's state remedies have been exhausted, a court may not grant relief on any claim adjudicated on the merits by the state court unless that adjudication "resulted in a decision that was contrary to, or involved in unreasonable application of, clearly established federal law" or "resulted in a decision that was based on an unreasonable determination of the facts." 28 U.S.C. §§ 2254(d)(1)-(2). A state court's decision is contrary to clearly established federal law if the court arises at a conclusion opposite to that reached by the Supreme Court on a question of law, or decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. Williams v. Taylor, 529 U.S. 362, 412–13 (2000). A state court unreasonably applies clearly established law if it identifies the correct legal principle, but unreasonably applies it to the facts of the case. Id. at 413. Factual determinations made by a state court are "presumed to be correct," and a habeas petitioner has the burden of rebutting that presumption of correctness by "clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

### A. The Evidence at Trial Was Sufficient to Support Spady's Convictions

In the petition, Spady contends that he was denied his right to due process under the Fourteenth Amendment because the evidence was insufficient to support his convictions for possession of heroin and cocaine with the intent to distribute. Specifically, Spady argues that the prosecution failed to introduce evidence sufficient to prove his constructive possession of the drugs.

4

An essential element of the right to due process is that "no person shall be made to suffer the onus of a criminal conviction except upon sufficient proof--defined as evidence necessary to convince a trier of fact beyond a reasonable doubt of the existence of every element of the offense." Jackson v. Virginia, 443 U.S. 307, 316 (1979) (discussing In re Winship, 397 U.S. 358 (1970)). Therefore, a petitioner who alleges that the evidence was insufficient to sustain a conviction has stated a constitutional claim cognizable in a federal habeas corpus proceeding. Id. at 321.

In reviewing a sufficiency of the evidence claim, the relevant inquiry is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Id. at 319 (emphasis in original). The reviewing court must consider circumstantial as well as direct evidence, and allow the prosecution the benefit of all reasonable inferences from the facts proven to those sought to be established. United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir. 1982).

In Jackson, the Supreme Court expressly recognized that its holding accorded "full play" to the responsibility of the fact-finder to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences. Id. In Wright v. West, 505 U.S. 277 (1992), the Supreme Court expounded upon Jackson, stating:

> In Jackson, we emphasized repeatedly the deference owed to the trier of fact and, correspondingly, the sharply limited nature of the constitutional sufficiency review. We said that "all of the evidence is to be considered in the light most favorable to the prosecution"; that the prosecution need not affirmatively "rule out every hypothesis except that of guilt"; and that a reviewing court "faced with a record of historical facts that supports conflicting inferences must presume-- even if it does not affirmatively appear in the record--that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution."

Id. at 296-97 (internal citations omitted) (emphasis in original).

5

In Virginia, the prosecution can prove possession of a controlled substance by showing either actual or constructive possession. Barlow v. Commonwealth, 494 S.E.2d 901, 904 (Va. Ct. App. 1998). To establish constructive possession, "the Commonwealth must point to evidence of acts, statements, or conduct of the accused or other facts or circumstances which tend to show that the defendant was aware of both the presence and character of the substance and that it was subject to his dominion and control." Drew v. Commonwealth, 338 S.E.2d 844, 845 (Va. 1986) (quoting Powers v. Commonwealth, 316 S.E.2d 739, 740 (Va. 1984)). Possession may be proven by "evidence of acts, declarations or conduct of the accused from which the inference may be fairly drawn that he knew of the existence of narcotics at the place where they were found." Ritter v. Commonwealth, 173 S.E.2d 799, 806 (Va. 1970).[5]

Analyzing Spady's direct appeal, the Court of Appeals of Virginia summarized the evidence at trial, in the light most favorable to the Commonwealth, as follows:

> [O]n June 16, 2006, police executed a search warrant at the apartment [Spady] shared with Michelle Phillips. In a pair of pants [Spady] admitted were his, the police located over five hundred dollars in cash

---

[5] In addition, the prosecution must also prove intent to distribute the drugs seized. Adkins v. Commonwealth, 229 S.E.2d 869, 871 (Va. 1976) ("In cases involving crimes which require an act coupled with a specific intent, . . . proof of intent is essential to conviction."). "Intent necessarily must be proved by circumstances." Hunter v. Commonwealth, 193 S.E.2d 779, 780 (Va. 1973) (noting several circumstances that can be considered by the trial court including quantity and the way the drugs were packaged); see Patterson v. Commonwealth, 213 S.E.2d 752, 753 (Va. 1975) ("Because direct proof is often impossible . . . , intent may be shown by circumstantial evidence.). However, "[w]hile intent may be shown by circumstantial evidence, the existence of intent cannot be based upon speculation or surmise." Patterson, 213 S.E.2d at 753.

Spady's habeas petition does not challenge the sufficiency of the evidence with regard to the element of intent. However, the Court notes that the issue was addressed in his appeal. Citing several circumstances, including the manner in which the drugs were packaged, the presence of large sums of money, scales, packaging materials, and the quantity of drugs seized, the Court of Appeals determined that there was sufficient evidence to establish intent to distribute. Spady v. Commonwealth, No. 0297-08-1, at 3-4 (Va. Ct. App. Sep. 8, 2008) (unpublished) (per curiam).

> and a heroin capsule. [Spady] acknowledged the cash was his but claimed the heroin was not. Officers also found cocaine and heroin in a basket in the bedroom [Spady] and Phillips occupied at the time the police arrived. Baggies and envelopes bearing [Spady's] name were also in the basket. The police found a digital scale in the kitchen and later found over thirteen thousand dollars in cash in the bedroom[.][6]
>
> During surveillance conducted prior to executing the search warrant, police observed [Spady] exit his apartment, approach a parked car, and briefly confer with the car's driver.
>
> At trial, Phillips testified the drugs and money recovered from the apartment belonged to her. However, in a statement to the police, Phillips admitted the money belonged to both of them and that [Spady] would move money from the shoebox to the lockbox in which the large amount of money was found. James Gadsden testified [Spady] stated "he needed [Phillips] to come and take charge for him because" he had suspended time "over his head[.]" [Spady] also told Gadsden that he had sold drugs the night before his apartment was searched.

Spady v. Commonwealth, No. 0297-08-1, at 1-2 (Va. Ct. App. Sep. 8, 2008) (unpublished) (per curiam).

In reviewing the record, the Court of Appeals also cited Spady's concessions that he actually possessed the heroin found in his pants pocket and that he occupied the residence in which the other narcotics, money and paraphernalia were found. In addition, the basket containing the narcotics were in his immediate vicinity inside the bedroom, Spady admitted that some of the cash recovered was his, and Phillips testified that Spady had access to the lockbox. Id. at 3.

Recognizing that the credibility of witnesses and the weight accorded to the evidence are solely within the purview of the fact-finder, the Court of Appeals noted that the trial court

---

[6] At trial, Investigator Springer—one of the narcotics officers who executed the search warrant—testified that he found $584.00 in a purse hanging on the wall, and $1,033.00 in a shoebox located underneath the bed. Springer subsequently returned to Spady's apartment to execute a second search warrant. At that time he located a lockbox underneath a dresser containing $13,058.00.

7

believed the prosecution's witnesses and rejected Phillips's testimony. Id. In fact, a review of the trial transcript indicates that the trial court weighed all of the evidence and, after significant argument by both parties, made the following finding:

> Well, I think that [defense counsel's] point is well-taken about the wicker basket, but I think when you add it all up, I mean, I would say in order not to convict him, I would have to totally ignore the fact that the scales and the glassine bags were in the kitchen, and he's an occupant of the house and admits he lives there with [Phillips]. He eats there. It's very likely that he has seen the contents of these cabinets. I mean, it's not overwhelming evidence, but I think the evidence is sufficient to convict. I don't think the Commonwealth has to have a perfect case.

Trial Transcript at 84:5-15 [hereinafter Tr.]. Earlier in the proceedings, the trial judge recognized that Phillips--who is herself serving a four-year sentence--had motivation to "take the whole blame for this" because she was concerned about who would care for the child she and Spady have together if both are in prison. Tr. at 74:23-25. After its review of the record, the Court of Appeals concluded that the Commonwealth's evidence "was competent, was not inherently incredible, and was sufficient to prove beyond a reasonable doubt that [Spady] was guilty of possession of heroin and cocaine with the intent to distribute." Spady, No. 0297-08-1, at 4. The Supreme Court of Virginia did not disturb that ruling when it refused Spady's petition for appeal.

In his federal habeas petition, Spady does not dispute the facts as summarized by the Court of Appeals. However, he argues that the evidence of possession was insufficient because it was purely circumstantial. Furthermore, Spady contends that the prosecution failed to prove constructive possession beyond a reasonable doubt because evidence was introduced which provided a "hypothesis of innocence." Petition at 32. Spady cites Phillips's testimony in which she claimed that the drugs, money and paraphernalia belonged to her, and that Spady was unaware of the presence of the drugs or the fact that Phillips was selling drugs. Tr. at 47-59. Spady additionally

8

cites to the fact that Phillips provided plausible explanations for other circumstances found at the apartment. Petition at 21-22. Specifically, there was testimony at trial regarding a bucket of water found in the bathroom. Investigator Bostjancic testified that, in his experience, suspects often keep a bucket of water next to the toilet to more quickly flush narcotics. Tr. at 33:19-34:5. Phillips testified that the bucket was next to toilet because they were experiencing problems with the plumbing because a cell phone was accidentally flushed. Tr. at 54:16-20. In addition, Phillips testified that Spady had possession of the key to the lockbox because she routinely misplaced her keys. Tr. at 51:12-16.

In essence, Spady asks the Court to re-weigh all of this evidence and review the credibility determinations made by the fact-finder, which is clearly not the role of a federal court in reviewing a habeas petition. Marshall v. Lonberger, 459 U.S. 422, 434 (1983) (federal habeas court has no license to redetermine credibility of witnesses whose demeanor has been observed by the state trial court). Instead, guided by the standard set forth in Jackson, the Court has thoroughly reviewed the record (including the trial transcript) and is satisfied that the prosecution presented sufficient evidence at trial from which a rational fact-finder could have found proof of guilt beyond a reasonable doubt. Therefore, it cannot be said that the determination made by the Court of Appeals that Spady was convicted on sufficient evidence was an objectively unreasonable application of the standard set forth in Jackson. Williams v. Ozmint, 494 F.3d 478, 489 (4th Cir. 2007); see McDaniel v. Brown, ___ U.S. ___, 130 S. Ct. 665 (2010) (per curiam) (evaluating a Jackson sufficiency of the evidence claim by the standard of review set forth in § 2254(d)(1)).

## III. RECOMMENDATION

The Court recommends that Spady's petition for a writ of habeas corpus under 28 U.S.C. § 2254 be DENIED and respondent's Motion to Dismiss be GRANTED.

Furthermore, Spady has failed to demonstrate "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Therefore, it is recommended that the Court decline to issue a certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 537 U.S. 322 (2003).

## IV. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1.   Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this Report to the objecting party, 28 U.S.C. § 636(b)(1)(C), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

2.   A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this Court based on such findings and recommendations. Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

/s/
Douglas E. Miller
United States Magistrate Judge

Douglas E. Miller
United States Magistrate Judge

Norfolk, Virginia
May 19, 2010

10

## Clerk's Mailing Certificate

A copy of the foregoing Report was mailed this date to each of the following:

Gary Spady, #377547
Greensville Correctional Center
901 Corrections Way
Jarratt, VA 23870

Leah Ann Darron
Office of the Attorney General
900 E. Main St.
Richmond, VA 23219

Fernando Galindo, Clerk

By _____
Deputy Clerk

May 19, 2010